**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1859
_____

XI CHEN,
                    Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
                    Respondent
_____

On Petition for Review of an Order
of the Board of Immigration Appeals
(Agency No. A076-968-325)
Immigration Judge: Neil P. Miller

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 12, 2016

Before:  McKEE, *Chief Judge*, AMBRO and SCIRICA, *Circuit Judges*.

(Filed: January 25, 2016)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Chief Judge*.

Petitioner Xi Chen, a native of China, filed a petition for review of the March 9, 2015 decision of the Board of Immigration Appeals denying his motion to reopen. For the reasons that follow, we will deny the petition for review.

**I.**

Because we write primarily for the parties who are familiar with this case, we need not recite the facts or procedural history in detail.[1] It is sufficient to note the following: Chen entered the United States without inspection in 1998 and was issued an order of removal pursuant to I.N.A. § 212(a)(6)(A)(i). In the ensuing years, Chen filed multiple untimely motions to reopen his requests for asylum, withholding of removal, and protection under the Convention Against Torture. He based these motions on a fear of persecution for his sexual orientation and under China's one-child policy. The Immigration Judge and the BIA denied his untimely motions.

At issue here is Chen's September 5, 2014 motion to reopen based on changed country conditions. He alleged China has enhanced its enforcement of its one-child policy since his initial 1998 hearing, and he fears persecution because he has three children. The BIA concluded that Chen had not met his burden of establishing a material

---

[1] The BIA had jurisdiction pursuant to 8 C.F.R. § 1003.2. We have jurisdiction under 8 U.S.C. § 1252.

change in country conditions, and denied his request to reopen.[2]  Chen subsequently

sought judicial review.

## II.

We review the denial of a motion to reopen for abuse of discretion.[3]  The BIA

abuses its discretion if it acts in a manner that is "arbitrary, irrational, or contrary to

law."[4]  Although this standard of review is deferential, we must be satisfied that the BIA

"meaningfully considered" the evidence presented by the petitioner.[5]  Thus, "the BIA

should provide us with more than cursory, summary or conclusory statements, so that we

are able to discern its reasons for declining to afford relief to a petitioner."[6]

## III.

As a threshold matter, a motion to reopen must generally be filed with the BIA no

later than 90 days after the entry of the final administrative decision.[7]  None of Chen's

numerous motions to reopen complied with this timeline.  However, this deadline does

not apply to motions based on "changed country conditions arising in the country of

nationality . . . if such evidence is material and was not available and would not have

been discovered or presented at the previous proceeding."[8]

---

[2] J.A. 5.
[3] *See Pllumi v. Att'y Gen.*, 642 F.3d 155, 158 (3d Cir. 2011).
[4] *Filja v. Gonzales*, 447 F.3d 241, 251 (3d Cir. 2006) (quoting *Sevoian v. Ashcroft*, 290 F.3d 166, 174 (3d Cir. 2002)) (internal quotation marks omitted).
[5] *Zhu v. Att'y Gen.*, 744 F.3d 268, 272 (3d Cir. 2014).
[6] *Zheng v. Att'y Gen.*, 549 F.3d 260, 268 (3d Cir. 2008) (citation omitted).
[7] 8 U.S.C. § 1229a(c)(7)(C)(i).
[8] 8 U.S.C. § 1229a(c)(7)(C)(ii).

Considering the record as a whole, the BIA found that Chen did not overcome his untimeliness by establishing a material change in country conditions.[9] Although the BIA acknowledged that, since Chen's hearing in 1998, he had become the parent of three United States citizen children, it found that, to the extent Chen based his motion on a change in his *personal* circumstances, the motion did not fall within 8 C.F.R. § 1003.2(c)(3)(ii), which requires a change in *country* conditions.

The BIA also rejected the evidence Chen claimed demonstrates that increasingly strict enforcement of China's one-child policy constitutes changed country conditions. For instance, the BIA found that Chen had submitted evidence of old family planning campaigns, spanning 2007 to 2009, and "there is no indication that any campaigns are currently taking place in the respondent's home locale."[10] In any event, the BIA concluded Chen's motion failed because there is no evidence the campaigns represent a material change, as opposed to a recurrent event that began before Chen's hearing.

**IV.**

In reviewing these conclusions, we are mindful that the BIA's findings are entitled to substantial deference. Accordingly, we find that the record does not compel reversal of the BIA's determination that Chen failed to carry his burden of proof.

---

[9] Even if the petitioner presents sufficient evidence of changed country conditions, the BIA may still deny the motion to reopen if the petitioner fails to establish a prima facie case for the relief sought. *See Shardar v. Att'y Gen.*, 503 F.3d 308, 312 (3d Cir. 2007).

[10] J.A. 5.

Critically, the BIA provided us with sufficient reasoning for us to discern "why the record supports its conclusion."[11] The BIA explained why it did not credit specific pieces of evidence, noting either unreliability or lack of the comparator necessary to establish a "change."[12] Our review of this reasoning reveals the BIA did not abuse its discretion in finding Chen's submissions fell short of a change in conditions. Although Chen's evidence tends to show the harshness of China's one-child policy, the BIA's determination that Chen did not show that this severity constituted a change from conditions during his 1998 hearing is a viable interpretation of the record. The BIA likewise did not act "contrary to law" in finding that the birth of Chen's children was a personal change in circumstances, not country conditions.[13]

Juxtaposition of Chen's objections with the BIA's reasoning further illustrates that Chen's protests are insufficient to overcome the substantial deference we owe the BIA's decision. Chen appeals on two primary grounds. First, he claims the BIA deviated from established policy when it discounted evidence because of its age, even though it was previously unavailable. This assertion is unavailing because the BIA reasonably concluded that the evidence reflected then-existing circumstances. The BIA ultimately was not persuaded because the evidence did not reflect a requisite change. Indeed, some of this evidence describes the strict policies as "continue[d]" efforts.[14] This undercuts Chen's claim they are departures from prior policy, and thus show a change.

---

[11] *Khan v. Att'y Gen.*, 691 F.3d 488, 499 (3d Cir. 2012).
[12] J.A. 5-6.
[13] *See Liu v. Att'y Gen.*, 555 F.3d 145, 151 (3d Cir.2009).
[14] J.A. 147.

Second, Chen contends that his evidence that Fujian, his home province in China, mandates sterilization for parents of two or more children regardless of the children's place of birth constitutes a change warranting reopening. Although Chen produced evidence indicating that such a policy has existed in some areas, the BIA did not abuse its discretion in discounting it in the face of no strong evidence by Chen that what is now before us constitutes a change in country conditions.

## V.

For the reasons set forth above, we will deny the petition for review.[15]

---

[15] Because the BIA did not abuse its discretion in finding no material change in country conditions, we need not reach the separate question of whether Chen established a prima facie case for relief.